**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25260-CIV-MARTINEZ**

DELKIS RAMOS RIVERO,

Petitioner,

v.

MARKWAYNE MULLIN, U.S. DEPARTMENT OF HOMELAND SECURITY; *et al.*,

Respondents.
_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner Delkis Ramos Rivero's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (*See* [ECF No. 5]). Respondents filed their Response [ECF No. 6] on August 11, 2026, and Petitioner filed a Reply [ECF No. 8] on August 14, 2026. The Court has considered the briefing and relevant law and is otherwise fully advised. For the reasons set forth below, the Petition is **DENIED**.

Petitioner Delkis Ramos Rivero is a native and citizen of Cuba whom the Department of Homeland Security ("DHS") presently treats as subject to an operative expedited removal order. (Pet. ¶ 1). DHS's own Form I-860, however, reflects only a completed and signed Determination of Inadmissibility. (*Id.* (citing *id.*, Ex. A, Notice and Order of Expedited Removal [ECF No. 1-1])). The separate Order of Removal section is entirely blank; no examining officer entered or signed an order, no supervisor approved one, and no certificate of service was completed. (*See id.*). DHS records further establish that Petitioner expressed fear of returning to Cuba and stated

that he believed he would be harmed if returned. (*See id.* ¶ 2 (citing *id.*, Ex. B, Record of Sworn Statement in Proceedings [ECF No. 1-2])). However, the record reflects neither a completed credible-fear determination nor any subsequently completed, approved, and served Order of Removal. (*Id.*). Therefore, according to Petitioner, the expedited-removal process never culminated in an order that was, in fact, issued. (*Id.*). Nevertheless, DHS issued Petitioner a Form I-296, characterizing him as an individual who had been ordered removed. (*Id.* ¶ 3 (citing *id.*, Ex. C, Notice [ECF No. 1-3])). And although Petitioner is not presently detained or in physical custody, DHS treats Petitioner as subject to summary removal. (*See id.*).

By the instant Petition, therefore, Petitioner invokes the limited habeas review expressly preserved by 8 U.S.C. § 1252(e)(2)(B) to determine whether an expedited removal order was, in fact, issued against him. (*See id.* ¶ 4). Petitioner states that he "does not ask this Court to review the underlying inadmissibility determination, adjudicate his claim for protection, or invalidate an otherwise existing order based on procedural error." (*Id.*). Petitioner merely seeks the relief authorized by 8 U.S.C. § 1252(e)(4): proceedings under 8 U.S.C. § 1229a. (*Id.*). Respondents argue, however, that the Court lacks subject matter jurisdiction because (1) Petitioner is not "in custody" for the purpose of habeas proceedings; (2) the Court cannot review DHS's decision to place Petitioner in expedited removal proceedings; and (3) 8 U.S.C. § 1252 bars such review. (*See* Resp. 3–8). Respondents further clarify, in agreement with Petitioner, that Petitioner "is not subject to a final order of removal." (Resp. 8).

Respondents' first argument fails because physical confinement is not strictly required to satisfy § 2241. The Eleventh Circuit construes the custody requirement "very liberally" and requires only a significant restraint on liberty not shared by the general public. *Clements v. Florida*,

59 F.4th 1204, 1213 (11th Cir. 2023); *Argueta Romero v. Sec'y, U.S. Dep't of Homeland Sec.*, 20 F.4th 1374, 1379–80 (11th Cir. 2021).

Respondents' other jurisdictional arguments fare no better. The Eleventh Circuit has recognized the distinction between challenging an existing removal order and disputing whether an operative removal order exists at all. In *Madu v. U.S. Attorney General*, 470 F.3d 1362, 1367 (11th Cir. 2006), the court held that a claim contesting "whether there is a removal order at all" presents a different question from a challenge to the legality of an existing removal order. There, because the petitioner challenged the existence of the purported order rather than seeking review of an extant order, the district court retained habeas jurisdiction. *Id.* at 1366–68. That distinction applies with particular force here, as Congress expressly preserved the precise inquiry Petitioner raises. Respondents themselves quote § 1252(e)(2)(B), which permits habeas review of "whether the petitioner was ordered removed under such section." Yet Respondents then argue that the Court cannot exercise that jurisdiction because Petitioner remains in expedited-removal proceedings. The two propositions cannot be reconciled. The Court thus turns to the question of whether a removal order was in fact issued as to Petitioner.

"In any case where the court determines that the petitioner . . . is an alien who was not ordered removed under section 1225(b)(1) of this title, . . . the court may order no remedy or relief other than to require that the petitioner be provided a hearing in accordance with section 1229a of this title." 8 U.S.C. § 1252(e)(4) (alterations added). "In determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." *Id.* § 1252(e)(5). Accordingly, the Court's sole inquiry is whether petitioner was ordered removed.

The parties agree that Petitioner "is not subject to a final order of removal." (Resp. 8). There is no dispute as to whether a removal order has been issued as to Petitioner. Therefore, "the court may order no remedy or relief other than to require that the petitioner be provided a hearing in accordance with section 1229a of this title." 8 U.S.C. § 1252(e)(4). However, the fact that the Court has the authority to order a hearing in accordance with § 1229(a) does not automatically entitle Petitioner to such a hearing. And Petitioner makes no argument as to how such an order would not improperly override DHS's decision to initiate expedited removal. The Court is not persuaded that it should grant the relief Petitioner seeks and thus declines to do so.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DENIED without prejudice**. The Clerk is directed to enter judgment and **CLOSE** this case. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 31 day of August 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record